UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DEBORAH YOUNG, Individually and as the
parent and natural guardian of MELISSA YOUNG,
EMMALEE YOUNG and CECELIA YOUNG,

Docket No. CV-09-3325

**AMENDED
VERIFIED COMPLAINT**

Plaintiffs,

-against-

SUFFOLK COUNTY; SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES;
SUFFOLK COUNTY POLICE DEPARTMENT;
MICHAEL DELGADO; JOSEPH QUATELA;
EDMUND J. COPPA, Individually and EDMUND J.
COPPA PHOTOGRAPHY; RAYMOND L. YOUNG;
RAYMOND M. YOUNG; NEWS 12; NEWSDAY,
NEW YORK POST; NEW YORK DAILY NEWS;
WCBSTV.COM,

Defendants.
----------------------------------------------------------------X

The plaintiff, DEBORAH YOUNG, Individually and as the parent and natural guardian of MELISSA YOUNG, EMMALEE YOUNG and CECELIA YOUNG, by her attorneys, the Law Offices of Thomas F. Liotti, as and for her amended complaint against the defendants, respectfully alleges:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983; the United States Constitution; as well as this Court's pendant and ancillary jurisdiction concerning state law claims.

2. At all material times hereinafter set forth, plaintiff, DEBORAH YOUNG, (hereinafter "Deborah") was a resident of the County of Suffolk, State New York and is presently a resident of

1

Windham, New York.

3. On February 21, 2007, Deborah was the custodial and residential parent of her three children, MELISSA YOUNG, (d/o/b August 16, 1992), EMMALEE YOUNG, (d/o/b June 5, 1994), and CECELIA YOUNG, (d/o/b March 3, 1996) (hereinafter "children").

4. At all material times hereinafter set forth, Deborah Young, together with her three children, were residents of a home located at 239 Nevada Street, Lindenhurst, New York 11757, (hereinafter "home" or "premises"). The plaintiffs possessed exclusive use and occupancy of the subject premises and were entitled to the privacy and sanctity of their home.

5. At all material times hereinafter set forth, defendant, County of Suffolk (hereinafter "Suffolk County") was and still is a municipality organized and existing under and by virtue of the laws of the State of New York.

6. At all material times hereinafter set forth the Suffolk County Department of Social Services (hereinafter "Social Services") and the Suffolk County Police Department (hereinafter "Police Department") were agencies and departments of the County of Suffolk.

7. At all materials times hereinafter set forth, defendant, Michael Delgado (hereinafter "Delgado") was a caseworker employed by Suffolk County, Department of Social Services and is a resident of the State of New York.

8. At all material times hereinafter set forth, defendant, Joseph Quatela was the attorney for the defendants, Raymond L. Young and Raymond M. Young, and is a resident of the State of New York.

9. At all material times hereinafter set forth, defendant, Edmund J. Coppa is a freelance photographer and principal of Edmund J. Coppa Photography, and is a resident of the State of New York.

10. At all material times hereinafter mentioned, defendants Raymond L. Young and Raymond M. Young, were son and father, both residing in Suffolk County, State of New York and Raymond L. Young being the husband of the plaintiff and the father of the children.

11. Upon information and belief, at all material times hereinafter mentioned, defendant News 12, was and still is a media corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief, at all material times hereinafter mentioned, defendant Newsday, was and still is a media corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Upon information and belief, at all material times hereinafter mentioned, defendant New York Post, was and still is a media corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. Upon information and belief, at all material times hereinafter mentioned, defendant New York Daily News, was and still is a media corporation duly organized and existing under and by virtue of the laws of the state of New York.

15. Upon information and belief, at all material times hereinafter mentioned, defendant WCBSTV.COM, was and still is a media corporation duly organized and existing under and by virtue of the laws of the state of New York.

16. On October 31, 2006 Raymond L. Young, consented and stipulated to sole custody of the infant children with the plaintiff, Deborah Young.

17. Upon information and belief, on or about February 21, 2007, during the late afternoon or

3

early evening, the defendants, without the plaintiffs' presence, permission, consent, authority, or knowledge, wrongfully entered on the aforesaid home and property and illegally broke into it and invaded their privacy by looking, peering, viewing and peeping into their home; searching, seizing, trespassing, and ransacking said premises.

18. On or about February 19, 2007, the plaintiffs left their residence, known as 239 Nevada Street, Lindenhurst, New York 11757, and went to Windham, New York, for a vacation, and were also considering to move away from the subject home, permanently. The plaintiff, Deborah Young had made a motion for relocation, which was then pending in the Suffolk County Supreme Court, but which, had not yet been decided. In anticipation of that motion being decided in their favor, the plaintiff and her children had packed more of their belongings and were waiting for permission to move to Windham, New York in order to reside with Deborah Young's parents, Dr. John and Mrs. Jean Lucania. Dr. Lucania is a retired dentist formerly residing and practicing in Suffolk County; he now resides with his wife in Windham, New York.

19. Upon information and belief, upon entering the aforesaid premises the defendant, Raymond L. Young and others, brought garbage, debris, urine, feces and other matters into the premises and strewn them about, creating unsanitary, unhabitable and unsafe conditions therein.

20. Upon information and belief, after trashing the premises, Raymond L. Young, summoned workers, friends, his father, the police, his attorney, the Department of Social Services, the media, and others to the property, whereupon he and they moved about the premises, defaming, embarrassing, ridiculing and humiliating the plaintiffs.

21. At all material times hereinafter set forth, upon information and belief, Suffolk County, its

4

police department, the Department of Social Services, and other departments and agencies in response to communication from the defendants, Raymond L. Young, Raymond M. Young, and Joseph Quatela, planned and executed a warrantless invasion and search of Deborah Young's residence in direct violation of her Fourth Amendment rights under the United States Constitution and the State of New York.

22. This constitutes a condemnation of property without compensation since Deborah had lost a valuable and lawful use to which the property may be applied, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and a breach of the plaintiffs' quiet enjoyment, as provided for under New York laws and invaded the plaintiffs' privacy as provided for under the First Amendment of the United States Constitution, and all pertinent provisions under the New York State Constitution.

23. Upon information and belief, the defendants collectively and individually caused news stories and other false accounts of the plaintiffs to be published in the media.

24. Upon information and belief, the defendants made ex parte and unilateral appearances in the Supreme Court and Family Court in Suffolk County, which caused the plaintiffs to return to Suffolk County, wherein on or about February 23, 2007, the plaintiff children were removed from the custody of Deborah Young, placed into the custody of the Department of Social Services, and then into foster care, where they have remained as of the filing of this action.

25. Upon information and belief, the invasion of the premises was orchestrated by the defendant Raymond L. Young, in a vindictive and retaliatory attempt by him to strip Deborah Young of her rightful custodial responsibility of the three children and thwart the payment of child support or maintenance, and otherwise deny Deborah Young, of her rightful entitlement to the assets of the marriage.

26. The plaintiff children have been deprived of the nurturing and love given to them by Deborah Young and her family; they have been deprived of good parenting; supervision and guidance; they have been compelled to reside in foster care for over two (2) years, where their grades and lifestyle have suffered; they have been denied visitation, custody, socialization and consortium with Deborah Young and each other.

27. The actions of the defendants have proximately caused incalculable damages to the plaintiff children permanently scarring them emotionally, psychologically and developmentally.

28. The defendants planned and executed a warrantless invasion and search of the premises in direct violation of the plaintiffs' Fourth Amendment rights under the United States Constitution and the State of New York.

29. At all material times hereinafter set forth in connection with the planned invasion and warrantless search of the premises, Suffolk County, its police department and the other departments and agencies of Suffolk County, and the defendants Raymond L. Young and Raymond M. Young, invited and permitted the media to ride along with the police and other departments, agencies and defendants and to enter into and remain in the premises without the knowledge, permission or consent of the plaintiffs.

30. Under the well-settled law at the time of the aforesaid violation, the law was clearly established that a "media ride along" violates the Fourth Amendment of the United States Constitution.

31. At all material times hereinafter set forth, Suffolk County and its police department, other departments and agencies, Raymond L. Young and Raymond M. Young, permitted and invited the media including, but not limited to, newspaper reporters and television or other video reporters and photographers to enter into and remain in the premises and to wander and roam from room to room and from floor to floor

6

to photograph and record and make notes on the media's observations and for the media's own stories and purposes.

32. At all material times hereinafter set forth, the photographs and pictures taken by the media and the notes made by the media were subsequently published in local, county and state newspapers in the County of Suffolk, Nassau, City of New York and State of New York, and otherwise distributed over the internet for world-wide viewing.

33. Upon information and belief, at all material times herein set forth, the media and/or all other defendants were permitted to enter into the premises and look at, inspect and look through the personal possessions and belongings of the plaintiffs.

34. At all material times hereinafter set forth, the presence of the media inside of the premises was not related to the objectives of the questionable intrusion, and the media did not assist the police and was not in aid of the execution of the warrantless search and seizure.

35. The search was illegal, not based upon probable cause or exigent circumstances. The plaintiffs were not at the premises and no warrant was ever applied for or obtained by anyone.

36. At all material times hereinafter set forth, the media were unauthorized to enter into and remain in and on Deborah Young's home and property.

37. At all material times hereinafter set forth, the actions of the defendants as aforesaid, with respect to the "media ride along" was without any legitimate law enforcement justification.

38. The defendants, Raymond L. Young and Raymond M. Young, were the owners of the subject premises and were responsible for its condition. The defendant Raymond L. Young was estranged from his wife and children for many years, failed to pay child support and maintenance and other household

expenses that Raymond L. Young had been court ordered to pay. Due to Raymond L. Young's non-compliance, the water and phone services were often discontinued, essentially leaving the plaintiff, Deborah, to provide for and care for her and the children with the aid of the maternal grandparents, Dr. and Mrs. John Lucania, who repeatedly offered financial assistance.

39. At all material times hereinafter set forth, it was the official policy or custom of Suffolk County and the Police Department to alert, notify and invite the media and press to accompany the police on what is now known as a "media ride along" in direct violation and abrogation of the Fourteenth Amendment of the United States Constitution.

40. By virtue of all of the above, the defendants have violated the Constitution of the State of New York, the Bill of Rights, Article I, Section 12.

41. By virtue of all of the above, the defendants have violated the plaintiffs' civil rights as set forth in the Civil Rights Law of the State of New York, Section 8.

## FOURTH AMENDMENT

42. The plaintiffs repeat and reiterate the allegations set forth in paragraphs numbered 1 through 41, with the same force and effect as though fully set forth herein.

43. The defendants acted jointly and severally in violating the civil rights of the plaintiffs; invading their privacy; trespassing onto the plaintiffs' land and chattels, including their pets, as specified herein. As a result of the defendants' actions, the plaintiffs have been embarrassed, ridiculed and shamed in their personal lives, wrongfully and illegally prosecuted and punished; ostracized in their community; victimized by extensive, and adverse publicity. The defendants caused further damage to the plaintiffs by wrongfully causing their property to be taken from them or destroyed and ruined, and they have been compelled to

retain legal counsel and expend great amounts of money as a result of all of the foregoing.

44. The defendant's actions have resulted in the violation of the plaintiff's right to be free from unreasonable searches and seizures in Violation of the Fourth Amendment of the United States Constitution.

45. The actions of the defendants, Raymond L. Young, Raymond M. Young, and Joseph Quatela, caused the chain of events that resulted in the unconstitutional search and seizure of the plaintiffs' premises, when the plaintiff was not present.

46. At all material times hereinafter set forth, Suffolk County and its police department, other departments and agencies, Raymond L. Young, Raymond M. Young, and Joseph Quatela, permitted and invited the media including, but not limited to, newspaper reporters and television or other video reporters and photographers to enter into and remain in the premises and to wander and roam from room to room and from floor to floor to photograph and record and make notes on the media's observations and for the media's own stories and purposes. Such a search is subject to Fourth Amendment limitations; such actions on the part of the defendants constitute a state action.

47. Based on the aforesaid actions the defendants did conspire, for the purpose of depriving, the plaintiff equal protection of the laws, or equal privileges and immunities under the laws, and that the defendants acted in furtherance of the object of the conspiracy, and that the plaintiffs were injured and deprived of having and exercising any right or privilege of a citizen of the United States. The Young defendants' objective was clearly to influence the activity of the state.

48. At all material times hereinafter set forth, Suffolk County and its police department, other departments and agencies, Raymond L. Young, Raymond M. Young, and Joseph Quatela conspired amongst themselves and with the other defendants to disrupt, harass, intimidate, and otherwise harm the

plaintiff in the exercise of her civil rights and to prevent the plaintiff from continuing to effectively exercise her civil rights, all for the purpose of stripping Deborah Young of her rightful custodial responsibility of the three (3) children and thwart the payment of child support or maintenance, and otherwise deny Deborah Young, of her rightful entitlement to the assets of the marriage.

49. At all material times hereinafter set forth, upon information and belief, in response to communication from the defendants, Raymond L. Young, Raymond M. Young, and Joseph Quatela, for the purpose of exploiting the incident in the news media, in order to usurp the plaintiff's sole custodial rights, (which the defendant, Raymond L. Young, voluntarily relinquished), Suffolk County, its police department, the Department of Social Services, and other departments and agencies, planned and executed a warrantless invasion and search of Deborah Young's residence.

50. As a result of said violations, wrongful and intentional acts, the plaintiffs suffered severe emotional and economic damages. The plaintiffs also endured unforeseeable expenses.

51. As a direct result of said violations, the plaintiffs further suffered economic losses and tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety, and frustration.

52. Accordingly, the plaintiffs seek compensatory and punitive damages in the sum of not less than Million Dollars ($5,000,000.00).

## 42 U.S.C. §1982

53. The Plaintiffs repeat and reiterate the allegations set forth in paragraphs numbered 1 through 52, with the same force and effect as though fully set forth herein.

54. The above acts - all of which constitute coercion, intimidation, threats and interference with the plaintiffs' enjoyment of, or on account of plaintiffs' exercise of her right of quiet enjoyment, and the

10

accompanying retaliatory motivation for them violated § 42 U.S.C. 1982.

55. As a result of said violations, wrongful and intentional acts, the plaintiffs suffered severe emotional and economic damages. The plaintiffs also endured unforeseeable expenses.

56. As a direct result of said violations, the plaintiffs further suffered economic losses and tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety, and frustration.

57. Accordingly, the plaintiffs seek compensatory and punitive damages in the sum of not less than Million Dollars ($5,000,000.00).

## FOURTEENTH AMENDMENT

58. The plaintiff repeats and reiterates the allegations set forth in paragraphs numbered 1 through 57, with the same force and effect as though fully set forth herein.

59. The defendants' actions, interfering with the plaintiffs' right to privacy; trespassing onto their land and chattels, was a violation of the plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

60. As a result of said violations, wrongful and intentional acts, the plaintiffs suffered severe emotional and economic damages. The plaintiffs also endured unforeseeable expenses.

61. As a direct result of said violations, the plaintiffs further suffered economic losses and tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety, and frustration.

62. Accordingly, the Plaintiffs seek compensatory and punitive damages in the sum of not less than Million Dollars ($5,000,000.00).

## 42 U.S.C. §1985

63. The plaintiffs repeat and reiterate the allegations set forth in paragraphs numbered 1 through

Case 2:09-cv-03325-JFB -ARL   Document 20   Filed 10/02/09   Page 12 of 16

62, with the same force and effect as though fully set forth herein.

64. Each of the defendants knew or had reason to know that their actions or inactions would deprive the plaintiff of equal protection under the laws, yet the defendants agreed and conspired with each other to deprive such rights. Said acts violate § 42 U.S.C. 1985.

65. As a direct result of said violations, the plaintiffs further suffered economic losses and tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety, and frustration.

66. Accordingly, the plaintiffs seek compensatory and punitive damages in the sum of not less than Million Dollars ($5,000,000.00).

## 42 U.S.C. §1986

67. The plaintiffs repeat and reiterate the allegations set forth in paragraphs numbered 1 through 66, with the same force and effect as though fully set forth herein.

68. Each of the defendants knew or had reason to know that their actions and inactions would deprive the plaintiffs of equal protection under the laws, yet the defendants conspired with each other to deprive such rights.

69. None of the defendants took any action to reverse or prevent the above pattern of events, and failed to remedy the wrongful actions taken against the plaintiffs. Said actions and inactions violated § 42 U.S.C. 1986.

70. As a direct result of said violations, the plaintiffs further suffered economic losses and tremendous emotional distress, embarrassment, humiliation, inconvenience, anxiety, and frustration.

71. Accordingly, the plaintiffs seek compensatory and punitive damages in the sum of not less than Million Dollars ($5,000,000.00).

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72. The plaintiffs repeat and reiterate the allegations set forth in paragraphs numbered 1 through 71, with the same force and effect as though fully set forth herein.

73. The defendants acted outrageously in their invasive and harassing activity against the plaintiffs.

74. Said emotional harm was exacerbated by the fact that the defendant's activities caused the plaintiff and her children to be embarrassed, ridiculed and shamed in their personal lives, wrongfully and illegally prosecuted and punished; ostracized in their community; victimized by extensive, and adverse publicity. The defendants caused further damage to the plaintiffs by wrongfully causing their property to be taken from them of destroyed and ruined.

75. The defendants knew that their conduct would cause severe and extreme emotional harm to the plaintiff and her children, all for the purpose of usurping her custodial responsibility.

76. Said harm did in fact occur in this case, in that the plaintiff and her children continue to suffer from episodes of anxiety, anger, mental anguish, among other symptoms related to severe emotional distress.

77. Accordingly, the plaintiffs seek compensatory and punitive damages in the sum of not less than Million Dollars ($5,000,000.00).

## DEFAMATION-SLANDER

78. The plaintiffs repeat and reiterate the allegations set forth in paragraphs numbered 1 through 77, with the same force and effect as though fully set forth herein.

79. The Young defendants and Joseph Quatela's statements to the police, Suffolk County agencies, and others alleging *inter alia*, that the plaintiff, Deborah Young caused the condition discovered

at the Lindenhurst home and commenting on her metal state/condition and ability to parent her three (3) children, were defamatory in that they subjected the plaintiffs to public hatred, contempt, ridicule, and disgrace, and subjected the plaintiff to financial loss.

80. The statements made by the defendants are reasonably understood to be about the plaintiff and her children.

81. The defendants published and broadcast the statements.

82. The defendants' statements were a substantial factor in causing the plaintiff to suffer financial loss.

83. Accordingly, the plaintiffs seek compensatory and punitive damages in the sum of not less than Million Dollars ($5,000,000.00).

## PUNITIVE DAMAGES

84. The plaintiffs repeat and reiterate the allegations set forth in paragraphs numbered 1 through 83, with the same force and effect as though fully set forth herein.

85. The acts of the defendants were willful, wanton, malicious, and oppressive, and were motivated solely by a desire to harm the plaintiff and her children without a regard for their well being and were based on a lack of concern and ill-will towards the plaintiff and her children. Such acts, therefore, deserve an award of 5 Million Dollars ($5,000,000.00) as punitive damages.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally, for the sum of Forty Million and 00/100 ($40,000,000.00) Dollars, together with pre-judgment interest from February 21, 2007, as and for compensatory damages and punitive damages in an amount to be determined, reasonable counsel fees, the costs and disbursements and expenses of this action and such

other and further relief as to the Court may seem just and proper.

Dated: Garden City, New York
       October 2, 2009

                                                                  _____
LAW OFFICES OF THOMAS F. LIOTTI
By: Thomas F. Liotti, Esq. (TL 4471)
Attorneys for Plaintiffs
600 Old Country Road, Ste. 530
Garden City, New York 11530
(516) 794-4700

15

## **VERIFICATION**

STATE OF NEW YORK      )
                       :ss:
COUNTY OF SUFFOLK      )

DEBORAH YOUNG, being duly sworn, says that she is the Plaintiff in the above-named proceeding and that the foregoing Amended Complaint is true to her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters she believes it to be true.

_____
DEBORAH YOUNG

Sworn to before me this
2nd day of October, 2009

_____
Notary Public

LUCIA M. CIARAVINO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CI6061004
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JULY 8, 20 11

10