
Davis Wright
Tremaine LLP

Laura R. Handman
Suite 200
1919 Pennsylvania Avenue NW
Washington, DC  20006-3402
202.973.4224 tel
202.973.4499 fax

1633 Broadway
New York, NY 10019-6708
212.489.8230 tel
212.489.8340 fax

laurahandman@dwt.com

October 23, 2009

**Original filed via ECF; courtesy copy delivered via facsimile**

The Honorable Joseph F. Bianco
United States District Judge
100 Federal Plaza
Islip, New York 11722

Re:    *Young v. Young, et al.*, No. 09-3325 (JFB)

Dear Judge Bianco:

     This firm represents Defendants Edmund J. Coppa,[1] News12, Newsday, New York Post, New York Daily News, and WCBS-TV (together, "Media Defendants") in this matter.  Pursuant to this Court's Rules, we write to request a pre-motion conference.  The date by which the Media Defendants must answer or otherwise move is October 23, 2009.

Motion to Dismiss

     The Media Defendants intend to move to dismiss the action against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  The primary grounds for the Media Defendants' Motion to Dismiss are, <u>one</u>, that nowhere in her Amended Complaint does Plaintiff allege facts sufficient to show that the Media Defendants acted under color of state law and that they could therefore be held liable for an alleged violation of her civil rights; and <u>two</u>, that her claims alleging defamation and intentional infliction of emotional distress arising out of reports in February 2007 are barred by the applicable statute of limitations.

---

[1] The Amended Complaint also names Edward J. Coppa Photography as a defendant; however, there is no such entity.

The Honorable Joseph F. Bianco
October 23, 2009
Page 2

*Claims Against the Media Defendants for Alleged Civil Rights Violations Fail to State a Cause of Action*

Plaintiff asserts claims against the Media Defendants pursuant to 42 U.S.C. §§ 1983,[2] 1985, and 1986. For all these claims, a threshold issue is whether any constitutional violation occurred at all.[3] But even assuming that the Amended Complaint adequately alleged that a constitutional violation occurred, it does not state a claim against the Media Defendants because it does not sufficiently allege that the Media Defendants, private parties, acted under color of state law. "To prevail on her section 1983 claims, the plaintiff must show that the defendants acted under color of state law and that they deprived her of a right or rights secured by the Constitution or laws of the United States." *Shapiro v. City of Glen Cove*, No. CV 03-0280 (WDW), 2005 WL 1076292, at *5 (E.D.N.Y. May 5, 2005), *aff'd*, 236 Fed. Appx. 645 (2d Cir. 2007) (finding no state action and awarding attorney's fees to private party who did not act jointly with police in entering plaintiff's house). The Amended Complaint alleges only that the Media Defendants were "summoned" by defendant Raymond L. Young, who "orchestrated" the "invasion," and were "permitted [evidently by Young] to enter the premises." Am. Compl. ¶¶ 20, 25, 33. Although Plaintiff makes the conclusory assertion that this was a "ride along" in which media entities were invited to participate in a search, Am. Comp. ¶¶ 29, 31, she acknowledges that "the media did not assist the police and was not in aid of the execution of the warrantless search and seizure" and alleges specifically that the media were "permitted and invited" to observe and photograph the premises. Am. Comp. ¶¶ 34, 46. The Amended Complaint contains <u>no</u> specific factual allegation that any Media Defendants actually accompanied the Suffolk County defendants, or even that they were present at the time the Suffolk County defendants executed an allegedly illegal search of the house. Its conclusory and contradictory allegations cannot suffice to state a claim, particularly under the test recently articulated by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *See, e.g., Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1212 (9th Cir. 2002) (rejecting § 1983 claim on a motion to dismiss, where plaintiff's "allegations do not establish any substantial

---

[2] Although the Amended Complaint refers to 42 U.S.C. § 1982, this must be a typographical error, as Section 1982 has no application to this case. It is Section 1983 that could theoretically afford a potential claim for violation of constitutional rights.

[3] Plaintiff alleges a constitutional violation based upon alleged "trespass" by Suffolk County employees and the Media Defendants onto her property. However, as the Amended Complaint alleges, Plaintiff's ex-husband and father-in-law – the owners of the house which presented an urgent hazard – gave permission to the Suffolk County defendants and the Media Defendants to enter the house. Am. Compl. ¶¶ 29, 38. A warrantless search based upon the consent of a third party is valid where the state actors, at the time of entry, reasonably believed that the consenting third party possessed common authority over the premises, even if the third party lacked actual authority to consent. *Illinois v. Rodriguez*, 497 U.S. 177, 185-86, 188 (1990); *see also United States v. Ramirez*, 115 F. Supp. 2d 401, 408 (S.D.N.Y. 2000) (denying motion to suppress brought on Fourth Amendment grounds where consenting third party invited police officers inside defendant's apartment, thus demonstrating access to the premises and permission to enter that justified officers' reasonable belief of actual authority).

The Honorable Joseph F. Bianco
October 23, 2009
Page 3

cooperation or inextricably intertwined activity" between the media and law enforcement officials).

Sections 1985 and 1986 are likewise inapplicable on the face of the Amended Complaint. Plaintiff does not specify under which subsection of § 1985 she brings her claim, but none would apply here. Subsection (1) prohibits conspiracy to prevent an officer of the United States from performing official duties, and subsection (2) prohibits conspiracy to obstruct justice, neither of which is alleged here. Subsection (3) prohibits private conspiracy for the deprivation of rights, and it requires a plaintiff to show, *inter alia*, that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). No such allegation is made or can be made here, so there can be no claim under § 1985(3). Section 1986 provides only for a cause of action for neglecting to prevent a wrongful act under § 1985; by definition, without a violation of § 1985, there can be no claim under § 1986.

*The Claims of Defamation and Emotional Distress Are Outside the Statute of Limitations*[4]

Plaintiff's Complaint was filed on July 30, 2009, two and a half years after the events at issue. Under New York law, claims for libel and intentional infliction of emotional distress must be commenced within one year after the cause of action accrues. CPLR § 215(3); *Garland-Sash v. City of New York*, No. 04-CV-0301 NGG LB, 2005 WL 2133592, at *6 (E.D.N.Y. Sept. 1, 2005). A cause of action for libel or infliction of emotional distress accrues at the time of the original publication of the allegedly defamatory work. *See Gregoire v. G.P. Putnam's Sons*, 298 N.Y. 119, 123 (1948); *Costanza v. Seinfeld*, 719 N.Y.S.2d 29, 31 (1st Dep't 2001); *Van Buskirk v. New York Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003).

Respectfully submitted,

Laura R. Handman
Edward J. Davis
Counsel for the Media Defendants

---

[4] The defamation and intentional infliction of emotional distress claims must also be dismissed for a host of other reasons, which the Media Defendants will elaborate upon in their Motion to Dismiss. Most notably with respect to the claim of intentional infliction of emotional distress, Plaintiff has not sufficiently pled – and cannot plead – the element of "extreme and outrageous conduct" with regard to the Media Defendants, and courts routinely grant early motions to dismiss on that ground. *See, e.g., Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993) (affirming defendant's motion to dismiss in part because the required elements of intentional infliction of emotional distress are "rigorous, and difficult to satisfy" and noting that, "of the emotional distress claims considered by this Court, every one has failed because the alleged conduct was not sufficiently outrageous").