UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEBORAH YOUNG, Individually and as the
Parent and natural guardian of ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Docket No. CV-09-3325
(JFB)(ARL)

Plaintiffs,

**NOTICE OF MOTION**

-against-

SUFFOLK COUNTY; SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES;
SUFFOLK COUNTY POLICE DEPARTMENT;
MICHAEL DELGADO; JOSEPH QUATELA;
EDMUND J. COPPA, Individually and EDMUND J.
COPPA PHOTOGRAPHY; RAYMOND L. YOUNG;
RAYMOND M YOUNG; NEWS 12; NEWSDAY,
NEW YORK POST; NEW YORK DAILY NEWS;
WCBSTV.COM,
                                        Defendants.
------------------------------------------------------------X

C O U N S E L O R S :

**PLEASE TAKE NOTICE**, that upon the affidavit of Scott E. Kossove, Esq., sworn to on the 4th day of December, 2009, the memorandum of law in support dated December 4, 2009, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move this Court before the Honorable Joseph F. Bianco, at the United States Courthouse located at 100 Federal Plaza, Central Islip, New York on the 29th day of January, 2010, at 11:00 o'clock of that day or as soon thereafter as counsel may be heard for an order pursuant to Fed.R.Civ.P. 12(c) dismissing each and every claim in the amended complaint as against Joseph Quatela for failing to state a claim against him and/or being barred pursuant to the statute of limitations, and for such other and further relief as this Honorable Court may deem just, proper and equitable.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to prior order of this Court, answering affidavits, if any, must be served and filed no later than January 6, 2010.

Dated:      Garden City, New York
            December 4, 2009

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By:     /s/ Scott E. Kossove
        SCOTT E. KOSSOVE (SK 9812)
        Attorneys for Defendant
        JOSEPH QUATELA
        1001 Franklin Avenue
        Garden City, New York  11530
        (516) 294-8844
        File No. : 169L-94779

To:    All Counsel via ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEBORAH YOUNG, Individually and as the
Parent and natural guardian of ▇▇▇▇▇▇▇▇

                                Plaintiffs,

  -against-

SUFFOLK COUNTY; SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES;
SUFFOLK COUNTY POLICE DEPARTMENT;
MICHAEL DELGADO; JOSEPH QUATELA;
EDMUND J. COPPA, Individually and EDMUND J.
COPPA PHOTOGRAPHY; RAYMOND L. YOUNG;
RAYMOND M YOUNG; NEWS 12; NEWSDAY;
NEW YORK POST; NEW YORK DAILY NEWS;
WCBSTV.COM,

                                Defendants.
-------------------------------------------------------------------X

Docket No. CV-09-3325
(JFB)(ARL)

**AFFIDAVIT IN SUPPORT**
**OF MOTION TO DISMISS**

STATE OF NEW YORK    )
                             ):ss.
COUNTY OF NASSAU    )

      SCOTT E. KOSSOVE, being duly sworn, deposes and says:

      1.     I am a member of the law firm of L'Abbate, Balkan, Colavita & Contini, L.L.P., attorneys for defendant Joseph Quatela ("Quatela") in the above-entitled action. I am fully familiar with the facts and circumstances set forth herein based upon my review of the pleadings and proceedings had herein to date and the file maintained at our office.

2.    This affidavit is submitted in support of Quatela's motion to dismiss the amended complaint as against him with prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c).

3.    Deborah Young, individually and as the parent and natural guardian of ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (collectively "plaintiffs") commenced this action by way of their complaint dated July 30, 2009. Plaintiffs subsequently served an amended complaint dated October 2, 2009, a copy of which is annexed hereto as Exhibit "A". In their complaint, plaintiffs assert claims against all of the defendants for an alleged violation of the Fourth and Fourteenth Amendments of the United States Constitution, alleged violations of 42 U.S.C. § 1982, 1985 and 1986, the intentional infliction of emotional distress and defamation (slander). Issue was joined by way of Quatela's answer dated November 2, 2009, a copy of which is annexed hereto as Exhibit "B".

## PRELIMINARY STATEMENT

4.    In short, plaintiffs assert a number of claims against Quatela based upon purported violations of the Civil Rights statutes that are founded on the allegation that Quatela, while acting in his capacity as an attorney, had certain communications with governmental agencies regarding plaintiffs that allegedly resulted in the police and others unduly invading her premises. These Civil Rights claims, however, are meritless as a matter of law. For example, although plaintiffs assert a claim pursuant to 42 U.S.C. § 1982, this statute requires a plaintiff to allege a deprivation of rights based upon the plaintiff's <u>race</u>. Plaintiffs in this action, however, do not allege that any of the defendants acted out of racial animus towards her.

5. Plaintiffs also assert a claim pursuant to 42 U.S.C. § 1985. As an initial matter, since plaintiffs allege that Quatela's purported misconduct was done in the course of his representation of clients, he cannot be liable for a Section 1985 violation as a matter of law. Furthermore, plaintiffs have not adequately alleged a Section 1985 violation because they do not allege that Quatela was motivated by a class-based, discriminatory animus towards plaintiffs. Since a Section 1986 claim is predicated upon the existence of a viable Section 1985 claim, it follows that plaintiffs' claim based upon 42 U.S.C. § 1986 must also be dismissed as against Quatela as a matter of course.

6. It appears from the amended complaint that plaintiffs may have actually attempted to allege a violation of 42 U.S.C. § 1983. A defendant can only be liable under this statute, however, if they acted "under color of any statute, ordinance, regulation, custom, or usage" of the government. Quatela, as a privately retained attorney for private individuals, was not acting under color of state law. Plaintiffs also do not allege any facts that even suggest that Quatela acted in concert with a state actor. Plaintiffs therefore do not have a viable Section 1983 claim against Quatela.

7. Plaintiffs' common law claims against Quatela for the intentional infliction of emotional distress and defamation must also be dismissed for being barred pursuant to the statute of limitations. Both of these claims have a one-year statute of limitations under New York law, and plaintiffs admit that Quatela's alleged misconduct occurred in or prior to February of 2007. Since plaintiffs did not commence this action until July of 2009, these claims are untimely by over a year.

8. In any event, plaintiffs fail to state a valid claim against Quatela for the intentional

3

infliction of emotional distress. Plaintiffs do not allege that Quatela intended to cause them severe emotional distress, or that he engaged in "extreme or outrageous" conduct capable of causing severe emotional distress, both of which are requisite elements of that claim. Plaintiffs' defamation claim is similarly defective, in that plaintiffs do not identify with particularity any false statements published by Quatela about them. In light of the foregoing, plaintiffs' amended complaint must be dismissed with prejudice as against Quatela in its entirety.

## STATEMENT OF FACTS

9. According to the amended complaint, Quatela was the attorney for co-defendants Raymond L. Young ("Young") and Raymond M. Young at the time of the underlying events (See Exhibit "A" at ¶ 8). Plaintiffs claim that on October 31, 2006, Young consented and stipulated to sole custody of the infant children plaintiffs with plaintiff Deborah Young (See Exhibit "A" at ¶ 16). Plaintiffs allege that at some point in time, Quatela, along with his clients Raymond L. Young and Raymond M. Young, communicated to co-defendants Suffolk County, the Suffolk County Police Department, the Department of Social Services, and other unspecified departments and agencies about plaintiffs, which allegedly resulted in a purportedly warrantless invasion of plaintiffs' residence (See Exhibit "A" at ¶ 21). This "invasion" allegedly took place on or about February 21, 2007 (See Exhibit "A" at ¶ 17).

10. Plaintiffs further contend that at least some of the defendants "made ex parte and unilateral appearances in the Supreme Court and Family Court in Suffolk County" that resulted in the infant plaintiffs being removed from the custody of plaintiff Deborah Young on or about

February 23, 2007 (See Exhibit "A" at ¶ 24). It is alleged that the infant plaintiffs have been placed into the custody of the Department of Social Services, and subsequently into foster caser, where they allegedly remain (See Exhibit "A" at ¶ 24). Plaintiffs claim that the purported invasion of their premises "was orchestrated by the defendant Raymond L. Young, in a vindictive and retaliatory attempt by him to strip Deborah Young of her rightful custodial responsibility of the three children . . ." (See Exhibit "A" at ¶ 25).

## ARGUMENT

11. A party may move for judgment on the pleadings pursuant to FRCP 12(c) after the pleadings are closed. FRCP 12(c). The standard for granting a Rule 12(c) motion is identical to that of a Rule 12(b)(6) motion for failure to state a claim. As such, in deciding a Rule 12(c) motion, the Court must accept the factual allegations pled in the complaint as true. Legal conclusions, however, are not presumed to be true. Factual allegations must be enough to raise a right to relief above the speculative level.

12. The Supreme Court recently "retired" the more lenient "no set of facts" standard. The new standard imposes an obligation on plaintiffs to provide the grounds of their entitlement to relief with more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. As discussed below, even if plaintiffs' concrete factual allegations against Quatela in their amended complaint are accepted as true for the purposes of this motion, that pleading still fails to state a valid claim against Quatela as a matter of law.

## POINT I

## PLAINTIFFS' CIVIL RIGHTS CLAIMS PURSUANT TO
## 42 U.S.C. §§ 1982, 1983, 1985 AND 1986 MUST ALL BE DISMISSED

13.     Plaintiffs assert three claims against all of the defendants pursuant to 42 U.S.C. §§ 1982, 1985 and 1986. It appears that plaintiffs may have also intended to assert a claim pursuant to 42 U.S.C. § 1983, rather than 42 U.S.C. § 1982, because 42 U.S.C. § 1982 is clearly inapplicable to the facts of this case (for the reasons set forth below in Point I.A, infra). In any event, all of these claims must be dismissed as against Quatela as a matter of law for a number of alternate grounds.[1]

**A.    Plaintiffs' Claim Pursuant to 42 U.S.C. § 1982 Must Be Dismissed as Against Quatela Because Plaintiffs Do not Allege that Quatela Acted with Discriminatory Racial Animus**

14.     The Civil Rights Law codified in 42 U.S.C. § 1982 provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Thus, by the statute's plain language, a plaintiff suing under this statute must allege that a deprivation of his or her rights occurred as a direct result of his or her **race**. In this case, however, plaintiffs do not even attempt to argue that any of the defendants' purported wrongdoing was motivated by plaintiffs' race, and accordingly, this claim must be dismissed.

---

[1]     Although the amended complaint also asserts two purported claims against all of the defendants pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, these Amendments, in and of themselves, cannot serve as the basis for civil actions against private individuals such as Quatela. In any event, 42 U.S.C. § 1983 is the statute that potentially gives plaintiffs a civil claim based upon the deprivation of a Constitutional right. As discussed below, however, plaintiffs do not have a valid claim against Quatela pursuant to 42 U.S.C. § 1983 (See Point I.B, infra).

6

**B.     Plaintiffs Do not Have a Valid Claim Pursuant to 42 U.S.C. § 1983 Because Quatela Did not Act Under Color of State Law**

15.     Even if plaintiffs intended to assert a claim pursuant to 42 U.S.C. § 1983, such a claim must still be dismissed as against Quatela. This statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Accordingly, defendants can only be potentially liable under this statute if they acted "under color of any statute, ordinance, regulation, custom, or usage" of the government. 42 U.S.C. § 1983.

16.     In this case, however, the only non-conclusory allegations against Quatela in the amended complaint are that he, in his capacity as an attorney for Raymond L. Young and Raymond M. Young, assisted those two clients in communicating certain information about plaintiff Deborah Young to governmental departments and/or agencies (See Exhibit "A" at ¶¶ 8, 21). As an initial matter, it is well-settled that a privately retained attorney does not act under color of state law within the meaning of Section 1983. Thus, for the purposes of 42 U.S.C. § 1983, Quatela must be considered a private actor.

17.     A private actor only acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents. It is well-settled in the Second Circuit that merely alleging in conclusory fashion that a private entity acted in concert with a state actor is

7

insufficient to assert a 42 U.S.C. § 1983 claim against that private actor. To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.

18. Plaintiffs' amended complaint merely alleges that Quatela and others provided some sort of unspecified information to the police and other government agencies, which resulted in a purportedly unwarranted "invasion" of plaintiffs' residence (See Exhibit "A" at ¶ 21). Plaintiffs notably fail to allege what information Quatela allegedly provided to those agencies/departments, and whether such information was false. In any event, it is well-settled that merely reporting information to the police is not enough to make a private individual/entity liable under 42 U.S.C. § 1983. Although plaintiffs do not allege that Quatela intentionally gave misinformation to governmental agencies/departments, even if they did, it would still be irrelevant. In light of the foregoing, plaintiffs have not adequately alleged that Quatela was a state actor, or conspired with state actors, so as to satisfy the threshold requirement of 42 U.S.C. § 1983.

**C.   Plaintiffs' Claim Pursuant to 42 U.S.C. § 1985 Must Be Dismissed as Against Quatela Because (1) His Only Role in the Alleged "Conspiracy" Was Based upon his Representation as an Attorney; and (2) Plaintiffs Do not Allege that Quatela's Alleged Misconduct Was Motivated by Class-Based Discriminatory Animus**

Quatela Cannot Be Liable for a 42 U.S.C. § 1985 Violation Because His Only
Alleged "Role" in the "Conspiracy" Was Based Upon his Representation of Two
of the Co-Defendants as an Attorney

19. The amended complaint also asserts a claim against all of the defendants, including Quatela, based upon a purported violation of 42 U.S.C. § 1985 (See Exhibit "A" at ¶¶ 63-66).

8

Although plaintiffs do not specify which subsection of 42 U.S.C. § 1985 they are relying upon, it is presumably 42 U.S.C. § 1985(3), entitled "Depriving persons of rights or privileges". That section states, in pertinent part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

20. It is apparent from plaintiffs' amended complaint, however, that Quatela's only "role" in that purported "conspiracy" was that of co-defendants Raymond L. Young and Raymond M. Young's attorney (See Exhibit "A" at ¶ 8). The law in the Second Circuit (as well as the other jurisdictions to have considered the question) is that an attorney cannot be liable for an alleged violation of 42 U.S.C. § 1985 when the attorney acted within the scope of his or her representation.

21. In this case, plaintiffs do not allege that Quatela performed any actions outside the scope of his representation. Plaintiffs also do not contend that Quatela personally benefited from the purported "conspiracy" against them. Rather, even viewing plaintiffs' allegations liberally, the amended complaint alleges nothing more than that Quatela assisted his clients in communicating

with certain government agencies about plaintiffs. Even assuming <u>arguendo</u> that Quatela counseled his clients to engage in questionable tactics, or otherwise violated ethical rules in connection with his representation (neither of which are even alleged in this case), such would <u>still</u> not operate to overcome the immunity afforded to attorneys acting within the scope of their representation with respect to Section 1985 conspiracy claims. In light of the foregoing, this claim must also be dismissed as against Quatela.

<u>The Amended Complaint Fails to Adequately Allege that Quatela Violated 42 U.S.C. § 1985</u>

22. In the alternative, plaintiffs' 42 U.S.C. § 1985 claim must also be dismissed based upon the amended complaint's failure to validly plead the elements of that claim as against him. The elements of a conspiracy claim pursuant to 42 U.S.C. § 1985(3) are well-settled in the Second Circuit – the complaint must allege facts demonstrating the existence of (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is deprived of any right of a citizen of the United States; and (5) where such act was motivated by discriminatory animus.

23. As an initial matter, plaintiffs have not adequately alleged that Quatela even participated in a conspiracy. As set forth in Point I.C.1, <u>supra</u>, plaintiffs' allegations, at most, merely establish that Quatela provided legal counsel to his clients, Raymond L. Young and Raymond M. Young's. Such a representation cannot rise to the level of a Section 1985(3) conspiracy as a matter of law.

24. The more glaring defect with plaintiffs' claim lies in the fact that they were required to allege that the conspiracy was motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action. Plaintiffs do not even attempt to allege <u>any</u> facts capable of even suggesting that Quatela was motivated by a class-based, discriminatory animus. In fact, plaintiffs contend that Quatela's clients were motivated solely by vindictive and retaliatory purposes arising out of a marital dispute (<u>See</u> Exhibit "A" at ¶ 25). The failure to allege a discriminatory motive warrants the dismissal of this claim in and of itself.

**D.     Plaintiffs' Claim Based upon 42 U.S.C. § 1986 Must Be Dismissed as Against Quatela Because it Is Predicated upon Plaintiffs' Defective Section 1985 Claim**

25. Plaintiffs also assert a claim based upon 42 U.S.C. § 1986. Section 1986 provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so. Accordingly, a Section 1986 claim must be predicated upon a valid Section 1985 claim. Since plaintiffs do not have a viable Section 1985 claim against Quatela (<u>see</u> Point I.C, <u>supra</u>), it follows that their Section 1986 claim must also be dismissed against him as a matter of course.

## POINT II

**PLAINTIFFS' CLAIMS AGAINST QUATELA FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND DEFAMATION MUST BE DISMISSED BECAUSE (1) THEY ARE UNTIMELY AS PER THE STATUTE OF LIMITATIONS AND (2) THE AMENDED COMPLAINT FAILS TO ADEQUATELY ALLEGE THE REQUISITE ELEMENTS OF THESE CLAIMS**

**A.  Plaintiffs' Intentional Infliction of Emotional Distress and Defamation Claims Are Barred Pursuant to the Statute of Limitations**

26.  Plaintiffs' last two claims in their amended complaint are for the intentional infliction of emotional distress and defamation. It is well-settled that the statute of limitations for both of these claims is one year. CPLR 215(3).

27.  In this case, however, all of the purported wrongful conduct that plaintiffs complain about occurred in or prior to February of 2007 (See Exhibit "A" at ¶¶ 17-18, 24). For example, although plaintiffs claim that Quatela and others made defamatory statements to the police and other Suffolk County agencies (see Exhibit "A" at ¶¶ 21, 79), since it is alleged that such statements resulted in an unlawful invasion of plaintiffs' home on or about February 21, 2007 (see Exhibit "A" at ¶ 17), the allegedly defamatory statements must have been made prior to that date. Accordingly, the deadline for plaintiffs to bring an action against Quatela sounding in defamation or the intentional infliction of emotional distress was, at the latest, February of 2008. Since plaintiffs did not commence this action until July 30, 2009, these claims are untimely by over a year, and must accordingly be dismissed.

B.  **The Amended Complaint Fails to Adequately Allege the Elements of its Intentional Inflict<u>ion of Emotional Distress and Defamation Claims Against Quatela</u>**

<u>The Amended Complaint Fails to State a Claim for the Intentional Infliction of Emotional Distress as Against Quatela</u>

28.   Although these two claims are clearly time-barred, it is also worth noting that the amended complaint fails to adequately allege the elements of these claims as against Quatela. The elements of a claim for the intentional infliction of emotional distress are (i) extreme and outrageous conduct; (ii) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. The alleged conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. This standard is so high that New York's Court of Appeals once observed that it had rejected every one of the intentional infliction of emotional distress claims it had considered on the ground that the conduct alleged was not sufficiently outrageous.

29.   In this case, plaintiffs have not even attempted to allege that Quatela intended to cause them severe emotional distress. Moreover, Quatela's alleged misconduct, which consists of merely assisting clients in communicating with certain governmental agencies/departments, does not rise to the level of "extreme and outrageous" conduct needed to make out this claim. This claim is therefore also susceptible to being dismissed on the merits.

<u>The Amended Complaint Fails to State a Claim for Defamation Against Quatela</u>

30.   Plaintiffs' defamation claim against Quatela is similarly deficient. Under New York

13

law, the elements of a defamation claim are (1) a defamatory statement of fact, (2) that is false, (3) published to a third party, (4) of and concerning the plaintiff, (5) made with the applicable level of fault on the part of the speaker, (6) either causing special harm or constituting slander per se, and (7) not protected by privilege.

31. As an initial matter, plaintiffs' amended complaint is silent as to what purported "statement of fact" allegedly made by Quatela about plaintiffs to, inter alia, the police, was false (See Exhibit "A" at ¶ 79). Moreover, pursuant to CPLR 3016(a), "[i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint . . . ." Plaintiffs critically fail to identify "the particular words" used by Quatela constituting his alleged slander. In light of the foregoing, the amended complaint fails to state a valid defamation claim against Quatela.

**WHEREFORE**, for all of the foregoing reasons, Quatela respectfully requests that this Court enter an order granting his motion to dismiss the amended complaint as against him in its entirety, and granting him such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
December 4, 2009

_____
SCOTT E. KOSSOVE (SK 9812)

Sworn to before me this
4th day of December, 2009.

_____
Notary Public

ANNA M. LEDEE
Notary Public, State of New York
No. 01LE6088035
Qualified in Nassau County
Commission Expires March 03, 2011

14

## CERTIFICATION OF SERVICE

I hereby certify that Defendant Joseph Quatela's **NOTICE OF MOTION AND AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS** was filed on this date upon:

**ALL COUNCEL VIA ECF**

                                        L'ABBATE, BALKAN, COLAVITA
                                        & CONTINI, L.L.P.

By:    /s/ Scott E. Kossove
           SCOTT E. KOSSOVE (SEK 9812)
           Attorneys for Defendant
           JOSEPH QUATELA
           1001 Franklin Avenue
           Garden City, New York  11530
           (516) 294-8844
           File No. : 169L-94779

Dated: December 4, 2009