UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEBORAH YOUNG, Individually and as the
Parent and natural guardian of ▮▮▮▮▮,
▮▮▮▮▮ and ▮▮▮▮▮,

                                  Plaintiffs,

    -against-

SUFFOLK COUNTY; SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES;
SUFFOLK COUNTY POLICE DEPARTMENT;
MICHAEL DELGADO; JOSEPH QUATELA;
EDMUND J. COPPA, Individually and EDMUND J.
COPPA PHOTOGRAPHY; RAYMOND L. YOUNG;
RAYMOND M YOUNG; NEWS 12; NEWSDAY,
NEW YORK POST; NEW YORK DAILY NEWS;
WCBSTV.COM,

                                 Defendants.
------------------------------------------------------------------X

Docket No. 09 Civ. 3325
(JFB)(ARL)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT JOSEPH QUATELA'S MOTION TO DISMISS THE AMENDED COMPLAINT

                                                L'ABBATE, BALKAN, COLAVITA
                                                & CONTINI, L.L.P.
                                                Attorneys for Defendant
                                                JOSEPH QUATELA
                                                1001 Franklin Avenue
                                                Garden City, New York 11530
                                                (516) 294-8844
                                                File No.: 169L-94779

Of Counsel
*Scott E. Kossove, Esq.*
*Daniel M. Maunz, Esq.*

## **TABLE OF CONTENTS**

                                                          **Page**

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

POINT I .................................................................................................................................... 2

      PLAINTIFFS' OPPOSITION IMPROPERLY RELIES
      UPON EXTRINSIC EVIDENCE, NOTWITHSTANDING
      THE FACT THAT THIS IS A FRCP 12(c) MOTION ............................................... 2

POINT II ................................................................................................................................... 4

      PLAINTIFFS' AMENDED COMPLAINT FAILS TO
      ADEQUATELY ALLEGE A CIVIL RIGHTS CLAIM
      AGAINST QUATELA ................................................................................................. 4

            A.     Plaintiffs' Section 1983 Claim Against Quatela Must Be Dismissed
                  Because Plaintiffs Have not Adequately Alleged that Quatela Acted
                  Under the Color of State Law .............................................................................. 4

            B.     Plaintiffs' Section 1985 Claim Against Quatela Must Be Dismissed
                  Because (1) Plaintiffs Do not Adequately Allege that Quatela Was
                  a Participant in the Purported Conspiracy; and (2) Plaintiffs Have not
                  Alleged that Quatela's Alleged Misconduct Was Motivated by Class-
                  Based Discriminatory Animus ............................................................................. 6

            C.     Plaintiffs' Section 1986 Claim Against Quatela Must Be Dismissed
                  Because Plaintiffs Admit that it Must Be Predicated Upon a Valid
                  Section 1985 Claim, Which Plaintiffs Do not Have ............................................ 7

POINT III .................................................................................................................................. 7

      PLAINTIFFS' STATE LAW CLAIMS AGAINST QUATELA
      MUST BE DISMSSED BECAUSE (1) THEY ARE BARRED
      PURSUANT TO THE STATUTE OF LIMITATIONS; AND
      (2) THE AMENDED COMPLAINT FAILS TO ADEQUATELY
      ALLEGE THE ELEMENTS OF THESE CLAIMS AS
      AGAINST QUATELA .................................................................................................. 7

A. Plaintiffs' Claims Against Quatela for Intentional Infliction of Emotional Distress and Defamation Are Both Untimely as per the Statute of Limitations .................................................. 7

B. In the Alternative, Plaintiffs' Intentional Infliction of Emotional Distress and Defamation Claims Against Quatela Must Be Dismissed Because the Amended Complaint Fails to Adequately Allege the Elements of these Claims as Against Quatela .................................................. 8

CONCLUSION .................................................. 10

# TABLE OF AUTHORITIES

**Cases**                       **Page**

Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) ............................................................. 5

Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009) ......................................................... 2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ......................................................... 2

Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002) .......................................... 5

Drake v. Laboratory Corp. of America Holdings, No. 02-CV-1924,
2009 WL 2867901 (E.D.N.Y. Sept. 3, 2009) ....................................................................... 8

Fonte v. Board of Managers of Continental Towers Condominium,
848 F.2d 24 (2d Cir. 1988) .................................................................................................. 3

Frierson-Harris v. Hough, No. 05 Civ. 3077, 2006 WL 298658,
(S.D.N.Y. Feb. 7, 2006), aff'd, 328 Fed. Appx. 753 (2d Cir. 2009) .................................... 6

Iannuzzi v. Washington Mutual Bank, No. 07-CV-964, 2008 WL 3978189
(E.D.N.Y. Aug. 21, 2008) .................................................................................................... 3

McIntyre v. Longwood Central School District, No. 07-CV-1337, 2008 WL 850263
(E.D.N.Y. Mar. 27, 2008) .................................................................................................... 4

Mione v. McGrath, 435 F. Supp. 2d 266 (S.D.N.Y. 2006) .................................................. 5

Nesenoff v. Dinerstein & Lesser, P.C.,
5 A.D.3d 746, 773 N.Y.S.2d 580 (2d Dep't 2004) .............................................................. 5

Rateau v. City of New York, No. 06-CV-4751, 2009 WL 3148765
(E.D.N.Y. Sept. 29, 2009) .................................................................................................... 6

Schmidt v. Bishop, 779 F. Supp. 321 (S.D.N.Y. 1991) ........................................................ 8

Sevier v. Turner, 742 F.2d 262 (6th Cir. 1984) ................................................................ 7-8

Spear v. Town of West Hartford, 954 F.2d 63 (2d Cir. 1992) ............................................. 5

Winokur v. Office of Court Administration, 190 F. Supp. 2d 444 (E.D.N.Y. 2002) ........... 4

**Federal Rules and Statutes**

42 U.S.C. § 1983 ................................................................................................................. 1, 5

42 U.S.C. § 1985(3) ........................................................................................................... 1, 6-7

42 U.S.C. § 1986 ................................................................................................................. 1, 7

Fed. R. Civ. P. 12(c) ........................................................................................................... 1, 2-4

Fed. R. Civ. P. 56 ................................................................................................................. 3

**PRELIMINARY STATEMENT**

Defendant Joseph Quatela ("Quatela") submits this reply memorandum of law in further support of his motion pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c) to dismiss the amended complaint of plaintiffs, Deborah Young, individually and as the parent and natural guardian of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (collectively "plaintiffs") as against him. In their opposition, plaintiffs attempt to obfuscate the relevant issues by deluging the Court with irrelevant information and exhibits (which is entirely improper since the Court can only consider the pleadings and documents incorporated or annexed to the pleadings in determining a motion to dismiss pursuant to FRCP 12(c) such as this). It is apparent, however, that plaintiffs' opposition fails to substantively address any of the arguments raised in Quatela's motion.

For example, although plaintiffs assert in their opposition that their claim pursuant to 42 U.S.C. § 1983 should not be dismissed because they allege that Quatela acted under color of state law, they cannot explain how Quatela "jointly acted" with the state. Rather, they merely allege that Quatela "jointly acted" with the media by organizing a press conference, which is irrelevant since "the media" is not an agent of the state. Plaintiffs' opposition also fails to address the litany of cases cited in Quatela's moving papers holding that an attorney acting in the course of his or her representation cannot be liable for a purported Section 1985(3) conspiracy. In any event, plaintiffs' opposition does not even <u>attempt</u> to explain what "protected class" plaintiffs are members of that motivated the defendants' alleged misconduct, which is also required to adequately plead this claim. Since plaintiffs' Section 1985(3) claim must be dismissed, it follows that their Section 1986 claim also fails as a matter of course.

Plaintiffs' opposition also cannot offer any cogent explanation as to why their state law claims (i.e., intentional infliction of emotional distress and defamation) are not time-barred. While plaintiffs argue in conclusory fashion that these claims are not time-barred because Quatela's alleged misconduct was an "ongoing, continuous violation", they critically cannot identify any alleged misconduct on Quatela's part that occurred after February of 2007. In any event, for the reasons set forth at length in Quatela's moving papers, the amended complaint fails to adequately allege the elements of these state law claims against Quatela. In light of the foregoing, plaintiffs' amended complaint must be dismissed in its entirety as against Quatela.

## ARGUMENT

### POINT I

### PLAINTIFFS' OPPOSITION IMPROPERLY RELIES UPON EXTRINSIC EVIDENCE, NOTWITHSTANDING THE FACT THAT THIS IS A FRCP 12(c) MOTION

Plaintiffs' opposition, which includes a thirty-eight page memorandum of law,[1] an affidavit in opposition from plaintiff Deborah Young and thirteen exhibits, significantly confuses the difference between a motion to dismiss pursuant to FRCP 12(c) and a motion for summary judgment.[2] For example, plaintiffs criticize Quatela's motion for failing to include an affidavit from Quatela in

---

[1] Notably, plaintiffs' memorandum of law in opposition blatantly ignores this Court's Individual Rule III.C, which imposes a twenty-five page limit for memoranda of law in opposition absent leave of the Court to submit a lengthier document. Plaintiffs never requested leave from the Court to extend the page limitation for their opposition.

[2] Even the portions of plaintiffs' opposition that appear to recognize that Quatela's motion is to dismiss based upon the pleadings fail to set forth the correct standard of review. For instance, plaintiffs' opposition, citing a 1957 Supreme Court decision, claims that "[d]ismissal is proper only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" (See Plaintiffs' Memorandum of Law in Opposition (("Plaintiffs' Memo in Opp.")) at p. 13). As explained in Quatela's moving papers, however, the Supreme Court recently "retired" the more lenient "no set of facts" standard of review in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Under the new "plausibility" standard imposed by the Supreme Court, the "complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" demanding "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

support of his motion (See Plaintiffs' Memo in Opp. at pp. 15-17). Plaintiffs apparently do not understand that a motion to dismiss pursuant to F.R.C.P. 12(c) is a motion directed at the pleadings – obviously, the movant is not required to (and generally is not even permitted to) support the motion with extrinsic evidence, such as a client affidavit, as would be required for a summary judgment motion pursuant to FRCP 56.

Plaintiffs' confusion as to the difference between a Rule 12(c) motion and a Rule 56 motion is further exemplified by the thirteen voluminous exhibits they submitted with their opposition. As this Court explained in Iannuzzi v. Washington Mutual Bank, No. 07-CV-964, 2008 WL 3978189, at *6 n.2 (E.D.N.Y. Aug. 21, 2008) (Bianco, J.), "in the context of a Rule 12(c) motion to dismiss, the Court cannot consider matters outside the pleadings . . .". Rather, "[i]n assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference." Id. at *7; see also Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988) (explaining that a court that is confronted with extrinsic material, such as affidavits, in deciding a motion to dismiss on the pleadings has two options: "the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment . . . and afford all parties the opportunity to present supporting material").

Ignoring this standard, plaintiffs' opposition includes a multitude of exhibits that were not attached to the complaint or incorporated in the complaint by reference. This improper evidence includes a seventeen page affidavit from plaintiff that the Court should not consider on this motion.

3

See McIntyre v. Longwood Cent. Sch. Dist., No. 07-CV-1337, 2008 WL 850263, at *6 (E.D.N.Y. Mar. 27, 2008) (Bianco, J.) (acknowledging that the court may only consider extrinsic evidence, such as an affidavit in opposition, if it convents a motion to dismiss on the pleadings into a motion for summary judgment); Winokur v. Office of Court Administration, 190 F. Supp. 2d 444, 452 (E.D.N.Y. 2002) ("[t]he Court declines to convert the motion for judgment on the pleadings to one for summary judgment but rather decides the motion on the complaint. Therefore, the Court declines to consider the affidavit submitted by the plaintiff"). Plaintiffs' exhibits also improperly include various materials (which are largely, if not entirely, irrelevant to the issues presented on Quatela's motion to dismiss) that were not annexed to or incorporated by reference in the amended complaint, such as articles published in the media (see Plaintiffs' Exhibits "F", "G", "L"), pleadings and orders from other actions (see Plaintiffs' Exhibits "B", "C", "D", "I", "J", "K", "M") and correspondence (See Plaintiffs' Exhibit "H"). Without exception, these exhibits are improper for a Rule 12(c) motion, and should accordingly be disregarded by the Court.[3]

## POINT II

## PLAINTIFFS' AMENDED COMPLAINT FAILS TO ADEQUATELY ALLEGE A CIVIL RIGHTS CLAIM AGAINST QUATELA

A.  **Plaintiffs' Section 1983 Claim Against Quatela Must Be Dismissed Because Plaintiffs Have not Adequately Alleged that Quatela Acted Under the Color of State Law**

In their opposition, plaintiffs state that private individuals can, in certain circumstances, be deemed to have acted "under color" of state law under certain circumstances (See Plaintiffs' Memo

---

[3] Admittedly, the Court has the discretion to convert the motion into one for summary judgment. It is respectfully submitted, however, that the Court should decline to do so. Notably, Quatela did not "chart" a motion for summary judgment, in that the only two exhibits annexed to his motion were plaintiffs' amended complaint and his answer.

4

in Opp. at p. 18). Admittedly, courts have recognized that a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." Mione v. McGrath, 435 F. Supp. 2d 266, 272 (S.D.N.Y. 2006); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). It is well-settled in the Second Circuit, however, that merely alleging in conclusory fashion that a private entity acted in concert with a state actor is insufficient to assert a 42 U.S.C. § 1983 claim against that private entity. Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002); Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992). "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Ciambriello, 292 F.3d at 324.

Plaintiffs' opposition critically cannot identify any factual allegations in the amended complaint demonstrating that Quatela acted as a willful participant in joint activity with the state. Indeed, plaintiffs' opposition (while improperly relying upon materials extrinsic to the amended complaint) merely contends that Quatela organized press conferences and allegedly made improper statements to the media (See Plaintiff's Memo in Opp. at pp. 18-19, 24).[4] Of course, "the media" is not a state actor, and any joint activity between Quatela and the media is irrelevant to the issue of whether Quatela acted "under color" of state law. Simply put, the amended complaint is bereft of any allegations that Quatela engaged in activity that could even potentially constitute "joint activity" between him and the state, which mandates the dismissal of plaintiffs' Section 1983 claim.

---

4 Plaintiffs' contention that Quatela's alleged actions violated a Disciplinary Rule is irrelevant since a violation of a disciplinary rule, in and of itself, does not give rise to a private right of action. See Nesenoff v. Dinerstein & Lesser, P.C., 5 A.D.3d 746, 748, 773 N.Y.S.2d 580, 581 (2d Dep't 2004).

5

B. **Plaintiffs' Section 1985 Claim Against Quatela Must Be Dismissed Because (1) Plaintiffs Do not Adequately Allege that Quatela Was a Participant in the Purported Conspiracy; and (2) Plaintiffs Have not Alleged that Quatela's Alleged Misconduct Was Motivated by Class-Based Discriminatory Animus**

In their opposition, plaintiffs tellingly fail to address the litany of cases cited in Quatela's moving papers holding that an attorney cannot be deemed to have participated in a Section 1985 conspiracy solely by virtue of his or her representation of a client (See Quatela's memorandum of law in support at pp. 9-12). Although plaintiffs suggest that Quatela's actions could constitute participating in a conspiracy because some of his alleged actions did not take place in court (see Plaintiffs' Memo in Opp. at p. 18), the cases relied upon in Quatela's motion make it clear that whether an attorney's actions take place in or out of court is irrelevant. Rather, the relevant inquiry is whether the attorney "acted within the scope of the representation." See Frierson-Harris v. Hough, No. 05 Civ. 3077, 2006 WL 298658, at *5 (S.D.N.Y. Feb. 7, 2006), aff'd, 328 Fed. Appx. 753 (2d Cir. 2009). Plaintiffs have not alleged any actions on Quatela's part that were not done in his capacity as an attorney for the Young defendants, which is fatal to their Section 1985(3) claim against him.

Plaintiffs' Section 1985 claim must also be dismissed based upon plaintiffs' inability to allege that Quatela's purported misconduct was motivated by class-based, discriminatory animus. See Rateau v. City of New York, No. 06-CV-4751, 2009 WL 3148765, at *13 (E.D.N.Y. Sept. 29, 2009) (stating that a plaintiff asserting a Section 1985(3) claim must allege that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus"). Although plaintiffs note that Section 1985 claims may apply to classes other than race (see Plaintiffs'

6

Memo of Law in Opp. at p. 31), they do not explain what "class" they allegedly fall into that accounted for the defendants' purported discriminatory conduct towards them. In light of the foregoing, plaintiffs' claim pursuant to Section 1985 must be dismissed against Quatela.

C. **Plaintiffs' Section 1986 Claim Against Quatela Must Be Dismissed Because Plaintiffs Admit that it Must Be Predicated Upon a Valid Section 1985 Claim, Which Plaintiffs Do not Have**

In their opposition, plaintiffs concede that in order to state a valid Section 1986 claim, they must also state a valid Section 1985 claim (See Plaintiffs' Memo in Opp. at p. 32). Since, as discussed above, plaintiffs have not asserted a valid Section 1985(3) claim against Quatela (see Point II.B, supra), it follows that this claim must also be dismissed as a matter of course.

## POINT III

**PLAINTIFFS' STATE LAW CLAIMS AGAINST QUATELA MUST BE DISMISSED BECAUSE (1) THEY ARE BARRED PURSUANT TO THE STATUTE OF LIMITATIONS; AND (2) THE AMENDED COMPLAINT FAILS TO ADEQUATELY ALLEGE THE ELEMENTS OF THESE CLAIMS AS AGAINST QUATELA**

A. **Plaintiffs' Claims Against Quatela for Intentional Infliction of Emotional Distress and Defamation Are Both Untimely as per the Statute of Limitations**

As explained at length in Quatela's moving papers, a one year statute of limitations applies to defamation and intentional infliction of emotional distress claims (See Quatela's moving papers at Point II.A). Plaintiffs erroneously cite Sevier v. Turner, 742 F.2d 262 (6th Cir. 1984) for the proposition that federal law dictates statute of limitations issues, even with respect to claims founded under state common law. In Sevier, the court addressed a Section 1983 claim, which is founded upon a federal statute. In this case, on the other hand, the time-barred claims derive from state

common law, and accordingly, this Court must apply New York state law in determining whether these claims are untimely.[5] See Drake, 2009 WL 2867901 at *3 n.1 (acknowledging that state law governs both the limitations period and the commencement of the limitations period with respect to claims brought under New York state law).

Plaintiffs' other contention that these claims are timely because they "have alleged ongoing, continuous violations of law rather than a single event isolated in time" is also meritless (See Plaintiffs' Memo in Opp. at p. 35). Plaintiffs commenced this action on July 30, 2009. Critically, however, plaintiffs have not alleged any misconduct on Quatela's part that occurred after July 30, 2008 (i.e., one year before the filing of the action) – all of his alleged misconduct took place in or around February of 2007 (See Exhibit "A" at ¶ 17; see also Plaintiffs' Memo in Opp. at p. 35). Thus, plaintiffs have not asserted any allegations that could even arguably constitute a "continuous" violation of law. In light of the foregoing, these claims must be dismissed for being untimely as per the statute of limitations.

**B.   In the Alternative, Plaintiffs' Intentional Infliction of Emotional Distress and Defamation Claims Against Quatela Must Be Dismissed Because the Amended Complaint Fails to Adequately Allege the Elements of these Claims as Against Quatela**

As explained in Quatela's motion papers, and acknowledged by plaintiffs in their opposition,

---

[5] Plaintiffs' reliance on Sevier for the proposition that the statute of limitations begins to run "when the Plaintiff knows or has reason to know of the injury" is also erroneous because the court's statement to that effect was only addressing a Section 1983 claim. See Sevier, 742 F.2d at 273. It is well settled, however, that under New York law, the statute of limitations begins to run when the claim accrues, irrespective of whether the plaintiff is aware that he or she has a claim. See Drake v. Lab. Corp. of Am. Holdings, No. 02-CV-1924, 2009 WL 2867901, at *3 (E.D.N.Y. Sept. 3, 2009); see also Schmidt v. Bishop, 779 F. Supp. 321, 329 (S.D.N.Y. 1991) (observing that "the New York Court of Appeals has steadfastly declined to alter the traditional New York rule that the statute of limitations commences to run when the cause of action accrues, even thought the plaintiff is unaware that he has a cause of action") (quotations omitted).

the elements of an intentional infliction of emotional distress claim are: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. In their opposition, plaintiffs contend that they "unequivocally established Mr. Quatela's intention to cause the Plaintiff severe emotional distress" (See Plaintiffs' Memo in Opp. at p. 33). Plaintiffs base this claim on their allegation (which is critically not reflected in the amended complaint) that Quatela orchestrated press conferences and organized media coverage of the underlying events (See Plaintiffs' Memo in Opp. at p. 33).

What plaintiffs do not deny, however, is the fact that any actions taken by Quatela were in the context of his representation of the Young defendants. Thus, it cannot be said that Quatela's "intent" was to cause plaintiffs emotional damages – his intent was clearly to zealously represent his clients. Furthermore, these unpled allegations still fall far short of the "extreme and outrageous" conduct needed to sustain such a claim. In light of the foregoing, plaintiffs have not adequately pled an intentional infliction of emotional distress claim as against Quatela.

Finally, plaintiffs' contend that they adequately allege a defamation claim against Quatela because they have "alleged that the Quatela Defendant made several false statements about Plaintiff which are defamatory in nature and were published to a third party" (See Plaintiffs' Memo in Opp. at p. 34). This conclusory allegation notwithstanding, this claim must be dismissed because the amended complaint and plaintiffs' opposition critically fail to identify what statements were allegedly made by Quatela that were defamatory in nature, as is required for a defamation claim

9

under New York law. CPLR 3016(a). Specifically, although plaintiffs complain in their opposition that Quatela allegedly made certain unflattering statements to the media about them, they do not set forth the nature of these purported representations, or how such representations were false. Thus, although plaintiffs' defamation claim is untimely, in the alternative, it should also be dismissed on the merits.

## CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, defendant Joseph Quatela respectfully requests that the Court grant the instant motion in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
February 22, 2010

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By: _/s/ Scott E. Kossove_
SCOTT E. KOSSOVE
Attorneys for Defendant
JOSEPH QUATELA
1001 Franklin Avenue
Garden City, New York  11530
(516) 294-8844
File No.: 169L-94779

Of Counsel:
*Scott E. Kossove*
*Daniel M. Maunz*

## CERTIFICATION OF SERVICE

I hereby certify that the **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT JOSEPH QUATELA'S MOTION TO DISMISS THE AMENDED COMPLAINT** was filed on this date upon:

ALL COUNSEL **VIA** ECF

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.

By: _____
SCOTT E. KOSSOVE
Attorneys for Defendant
JOSEPH QUATELA
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844
File No.: 169L-94779

Dated: February 22, 2010

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
ATTORNEYS AT LAW
1001 FRANKLIN AVENUE
GARDEN CITY, N.Y. 11530
(516) 294-8844