UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DEBORAH YOUNG,

            Plaintiff,                         ORDER
                                                                 09-CV-3325 (JFB)(ARL)
                  – against –

COUNTY OF SUFFOLK, et al.,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOSEPH F. BIANCO, District Judge:

      Plaintiff Deborah Young (hereinafter "plaintiff") commenced this action against Suffolk County, the Suffolk County Department of Social Services, the Suffolk County Police Department, Michael Delgado, (collectively the "County defendants"), Edmund Coppa, Edmund J. Coppa Photography, News 12, Newsday, New York Post, New York Daily News, WCBSTV.COM (collectively the "media defendants"), Raymond L. Young and Raymond M. Young (together "Young defendants"), and Joseph Quatela (hereinafter "Quatela"), on July 30, 2009.  Plaintiff brought several claims pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging, *inter alia*, that defendants violated plaintiff's rights under the Fourth Amendment and the Fourteenth Amendment, and participated in a conspiracy to deprive plaintiff of her constitutional rights.  Plaintiff also brought claims for constitutional violations pursuant to 42 U.S.C. § 1982 ("§ 1982"), 42 U.S.C. § 1985 ("§ 1985"), and 42 U.S.C. § 1986 ("§ 1986"), and state law claims for intentional infliction of emotional distress and defamation.  By Memorandum & Order dated April 9, 2010 (hereinafter "the April 9, 2010 Opinion"), this Court granted the media defendants' motion to dismiss in entirety, and the media defendants were dismissed as defendants in this case.  The motions by the Young defendants and defendant Quatela were denied with respect to the § 1983 claims for violation of the Fourth

Amendment and conspiracy, but granted as to all other federal and state claims against them. On April 20, 2010, defendant Joseph Quatela filed a motion for reconsideration of the April 9, 2010 Opinion, arguing that there were not sufficient allegations in the Amended Complaint to allege that Quatela was a state actor for purposes of the § 1983 claims. For the reasons that follow, the Court concludes that Quatela has not demonstrated that reconsideration of the April 9, 2010 is warranted. Accordingly, Quatela's motion for reconsideration is denied.

## I. LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), which applies to interlocutory judgments and orders. *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000). Pursuant to Rule 59(e), "[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *Marino v. United States*, No. 97 Civ. 1884, 1998 WL 512958, at *1 (S.D.N.Y. Aug. 18, 1998). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. N.Y. City Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (citation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id.* at 283 (quotation omitted). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Id.* at 284.

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked."

*Id.* "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).

## II. DISCUSSION

Defendant Joseph Quatela filed this motion for reconsideration requesting that the Court reconsider that portion of its Memorandum & Opinion of April 9, 2010 that denied his motion for judgment on the pleadings regarding plaintiff's § 1983 claims against him. As a threshold matter, the Court notes that defendant Quatela's motion for reconsideration provides no new factual matters or controlling decisions that he believes the Court has overlooked. *See, e.g.*, *Black v. Diamond*, 163 F. App'x 58, 61 (2d Cir. 2006) ("To merit reconsideration, a movant must point to law or facts overlooked by the court in its initial ruling."); *Medoy v. Warnaco Employees' Long Term Disability Ins. Plan*, 97-cv-6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."). Defendant's submission acknowledges that it does not present additional factual matters or legal authority; rather, the submission reiterates the prior arguments that were made in support of the motion to dismiss. Quatela's motion falls far short of the strict standard required for submission on a motion for reconsideration, and, accordingly, the motion for reconsideration is denied. *See Medoy*, 2006 U.S. Dist. LEXIS 7635, at *4.

Quatela argues that the Amended Complaint does not sufficiently allege facts to support a plausible claim that Quatela was a state actor subject to liability under § 1983. As discussed extensively in the April 9, 2010 Opinion, a private actor may be considered to be acting under the color of state law for purposes of § 1983 if he was "'a willful participant in joint activity with the

State or its agents." *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).  This potential liability also applies to a private party who "conspires with a state official to violate the plaintiff's constitutional rights . . . ." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005).

Quatela argues that he, like the media defendants, was summoned to the 239 Nevada Street residence and, therefore, the claims against him should also be dismissed.  However, the allegations in the Amended Complaint against Quatela are more significant and extensive than those against the media defendants.  The Amended Complaint contains several allegations that, when assumed to be true and construed in a light most favorable to plaintiff (as this Court is required to do when deciding a motion to dismiss, *see LaFaro v. N.Y. Cardiothoracic Group*, 570 F.3d 471, 475 (2d Cir. 2009)), suggest that Quatela was much more intricately involved in the planning and effectuation of the alleged invasion of 239 Nevada Street than the media defendants were.  For example, the Amended Complaint alleges that the Suffolk County Police Department and Department of Social Services arrived at the residence "in response to communication from" Raymond L. Young, Raymond M. Young, and Joseph Quatela.  (Am. Compl. ¶ 21; *see also* Am. Compl. ¶ 45 ("The actions of the defendants, Raymond L. Young, Raymond M. Young, and Joseph Quatela, caused the chain of events that resulted in the unconstitutional search and seizure of the plaintiffs' premises, when the plaintiff was not present.").)  This allegation suggests that the actions of the Suffolk County police were not merely those of their own initiative, but were performed as a result of communications from Joseph Quatela and the Young defendants; taken as a whole, the allegations in the Amended Complaint suggest a more active role by the individual defendants and support a plausible claim that Quatela was a state actor subject to liability under § 1983.  *See, e.g.*, *Shapiro v. City of Glen Cove*, 236 F. App'x 645, 647 (2d Cir. 2007).

The Amended Complaint further alleges a conspiracy between Raymond L. Young, Raymond M. Young, Joseph Quatela, and the County defendants. (Am. Compl. ¶ 48.) Specifically, plaintiff alleges that the County defendants, the Young defendants, and Quatela "planned and executed a warrantless invasion and search of Deborah Young's residence in direct violation of her Fourth Amendment rights . . . ." (*Id.* ¶ 21; *see also id.* ¶ 48 ("At all material times hereinafter set forth, Suffolk County and its police department, other departments and agencies, Raymond L. Young, Raymond M. Young, and Joseph Quatela conspired amongst themselves and with the other defendants to disrupt, harass, intimidate, and otherwise harm the plaintiff in the exercise of her civil rights . . . all for the purpose of stripping Deborah Young of her rightful custodial responsibility of the three(3) children and thwart the payment of child support or maintenance.").) The Amended Complaint further alleges that the individual defendants, including Joseph Quatela, along with "Suffolk County and its police department, other departments and agencies . . . permitted and invited the media" to roam about the premises and take photographs during their joint invasion of plaintiff's home. (*Id.* ¶ 46.) Although Quatela argues that the allegation that he invited the media to the premises is irrelevant and non-dispositive, since the media are not a state entity, the allegation that Quatela invited the media defendants to the premises serves to further bolster plaintiff's claims of conspiracy and joint action by Quatela and the County defendants, state actors.

Quatela claims that the Amended Complaint merely alleges that Quatela communicated information to the police and that this is not sufficient to constitute "joint activity" for state action. However, the allegations against Quatela contend that he did more than merely furnish information to the police. As noted in this Court's April 9, 2010 Opinion, a private actor may be imbued with state action if that private actor was "'a willful participant in joint activity with the State or its agents.'" *See Ciambriello*, 292 F.3d at 324 (quoting *Adickes*, 398 U.S. at 152). The allegations in

the Amended Complaint suggest that Quatela was a willful participant in joint activity with state actors. Specifically, plaintiff's allegations suggest that Quatela conspired with state actors and thereafter aided and participated in the unlawful invasion of plaintiff's home along with those state actors. It is irrelevant to this inquiry whether Quatela was present initially or was "summoned" by Raymond L. Young to the premises. Although several of plaintiff's allegations in the Amended Complaint are directed toward Raymond L. Young and Raymond M. Young specifically, the facts alleged against Quatela—though fewer in number—are sufficient to state a plausible cause of action, and thus those allegations survive Quatela's motion for judgment on the pleadings.[1] Accordingly, defendant Quatela's motion for reconsideration of this Court's April 9, 2010 Memorandum & Order is denied.

### III. CONCLUSION

For the foregoing reasons, defendant Joseph Quatela's motion for reconsideration of the April 9, 2010 Opinion is denied.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Quatela suggests that the Court erroneously relied upon additional allegations made in plaintiff's affidavit and memorandum of law in opposition to Quatela's motion for judgment on the pleadings. Specifically, in her opposition, plaintiff alleged additional facts, including, *inter alia*, that: (1) Quatela provided Raymond L. Young with the keys to 239 Nevada Street, which enabled the unlawful entry of the property (Pl.'s Aff. ¶ 40; Pl.'s Opp. at 5); (2) Quatela participated in numerous press conferences on the front lawn of 239 Nevada Street regarding the condition of the property ((Pl.'s Aff. ¶ 62; Pl.'s Opp. at 5); and (3) Quatela assisted in disseminating the photographs taken of the premises in its deplorable condition (Pl.'s Opp. at 5). However, the Court did not rely on these allegations in any way in the April 9, 2010 Opinion because such allegations were outside the pleadings. In reaching its decision, the Court relied only upon the allegations contained in the Amended Complaint, which were sufficient to state a cause of action under § 1983 against defendant Quatela.

Dated:          May 20, 2010
                Central Islip, NY