

Attorneys at Law
L'Abbate, Balkan, Colavita & Contini, L.L.P.
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

Scott E. Kossove
Partner
skossove@lbcclaw.com

January 19, 2011

**VIA ECF**

Honorable Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
Alfonso M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, New York 11722-4449

      Re:   ***Deborah Young, et al. v. Suffolk County, et al.***
              Docket No.: CV-09-3325 (JFB)(ARL)
              Our File No.: 169L-94779

Honorable Magistrate Lindsay:

      We write as counsel for defendant Joseph Quatela ("Quatela") in the above-captioned matter. We submit this letter[1] in support of Quatela's motion pursuant to Federal Rule of Civil Procedure ("FRCP") 37 seeking an order compelling plaintiffs to respond to Quatela's long outstanding discovery demands. As discussed below, our office has complied with the "good faith" provisions of FRCP 37(1), as well as Your Honor's Individual Rule 2.A.1.

      On September 1, 2010, this office served upon plaintiffs' counsel interrogatories and a request for the production of documents, which are collectively annexed hereto as Exhibit "A". After plaintiffs refused to provide any response to these demands, this office sent a "good faith" letter to plaintiffs' counsel on November 16, 2010 inquiring about the status of plaintiffs' outstanding discovery responses. A copy of this letter is annexed hereto as Exhibit "B". Plaintiffs, however, continued to ignore Quatela's demands for written discovery.

      As an additional follow-up, this office emailed plaintiff's counsel on December 9, 2010 as part of another good faith effort to resolve this discovery issue. A copy of that e-mail is annexed hereto as Exhibit "C". That e-mail was again ignored by plaintiffs' counsel. Finally, on January 18, 2011, Daniel M. Maunz, who is an associate with my office, left a voicemail message for Lucia Ciaravino of plaintiffs' counsel's office regarding this discovery issue, and asking Ms. Ciaravino to call him back to discuss the issue. That call was also not returned.

---

[1] This application is being made via letter pursuant to Local Rule 37.3 and Your Honor's Individual Rule 2.A.1.

2

  As the Court is aware, pursuant to the Court's Scheduling Order dated July 21, 2010 (a copy of which is annexed hereto as Exhibit "D"), the deadline for completing discovery in this action (inclusive of expert discovery) is February 28, 2011. Plaintiffs' failure to take any action to prosecute this matter over the course of the past several months (including simply ignoring Quatela's discovery demands that were served in early September of 2010), is severely prejudicing the defendants' ability to obtain all necessary discovery in this action prior to the discovery cut-off date.

  FRCP 37(a)(3)(B) provides, in relevant part, as follows:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> * * *
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

In this case, plaintiffs have not offered <u>any</u> excuse (let alone a reasonable excuse) for simply ignoring Quatela's long-outstanding discovery demands, which justifies an order compelling disclosure in and of itself. See <u>Gibbons v. Smith</u>, No. 01 Civ. 1224, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010) (ordering a party to respond to outstanding interrogatories where the party issued no response to the interrogatories and failed to show any good cause for its failure to do so).

  Additionally, upon the granting of this application, plaintiffs should also be ordered to reimburse Quatela for all costs and/or expenses incurred in making this application pursuant to FRCP 37(a)(5)(A). This portion of the rule states that

> [i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after given an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Since plaintiffs clearly have no excuse for their repeated non-compliance, the award of costs and attorney's fees to Quatela is entirety appropriate with respect to this application.

  In order to allow time for this application to be fully briefed and for the Court to render a decision on it, as well as to allow the parties time to complete all other discovery proceedings (such as depositions, expert discovery, etc.) that have been impeded as a result of plaintiffs' non-



3

compliance, we respectfully request that each of the dates/deadlines in the Court's prior scheduling order dated July 21, 2010 be adjourned/extended by 120 days. Thank you for your consideration of this request.

Respectfully submitted,

SCOTT E. KOSSOVE

SEK/DMM/ig
Encl.

cc:    All parties **(via ECF)**

